**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| LIANIZ MELENDEZ-ORTIZ, ET AL., | |
| Plaintiffs, | |
| v. | Civ. No. 05-1781 (PG) |
| CORPORACION DEL CENTRO CARDIOVASCULAR DE PUERTO RICO Y DEL CARIBE, ET AL., | |
| Defendants. | |

**OPINION AND ORDER**

Before the Court are defendant Corporacion del Centro Cardiovascular de Puerto Rico y del Caribe's (hereinafter "La Corporacion") Motions to Dismiss (Docket Nos. 17, 25, 37, 47, 60.)  La Corporacion argues that the Court lacks jurisdiction because there is no complete diversity of citizenship between the parties. Furthermore, it claims that it is entitled to sovereign immunity as an arm of the state under Puerto Rico Law 62 (amending P.R. Laws Ann. tit. 26, § 4105). Plaintiffs have filed oppositions and replies thereto. (Docket Nos. 21, 26, 40, 50, 61.) Having reviewed the motions and the applicable law, the Court denies La Corporacion's motions.

**BACKGROUND**

The Court reviews the allegations in the complaint in the light most favorable to plaintiffs[1].

Plaintiffs Lianiz Melendez Ortiz and Maria Magdalena Melendez Ortiz are domiciled in the state of Pennsylvania, and are the daughters of deceased patient Rosa I. Ortiz Sanchez (hereinafter "Ortiz"). They filed the above styled and captioned case on July 14, 2005.

On December 17, 2003, Ortiz was hospitalized at La Corporacion's facilities to undergo a cardiac catheterization on December 18, 2003. (Docket No. 55) Based on the results of the catheterization study, co-defendant Dr. Manuel Areses-Pernas recommended that Ortiz be submitted to an angioplasty procedure to clear a partial blockage of her arteries. It is alleged that the

---

[1] When ruling on a 12(b)(6) motion a court must accept all well-pled factual averments as true and draw all reasonable inferences in favor of the non-moving party. Berezin v. Regency Savings Bank, 234 F.3d 68, 70 (1st Cir. 2000); Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994).

Civ. No. 05-1781(PG)                                                    Page 2

angioplasty was unnecessary and presented unreasonable risks to Ortiz. The angioplasty procedure was done on December 19, 2003 and thereafter, Ortiz was prescribed several medications including "integrilin". Plaintiffs claim that this prescription was negligent in light of Ortiz' medical history because it put her in a higher risk of bleeding and possible hypovolemic shock. It is alleged that the medication caused Ortiz to have copious internal bleeding which eventually caused a hypovolemic shock. Ortiz died on December 21, 2003 as a result fo the hypovolemic shock.

## **DISCUSSION**

Defendant incessantly argues that pursuant to 28 U.S.C. §1332(c)(2)[2] and because plaintiffs request monetary relief in their capacity as Ortiz' heirs, they must be considered citizens of the same state as Ortiz. Ortiz was a citizen Puerto Rico and so is La Corporacion.  Hence, La Corporacion argues that complete diversity of citizenship is lacking.

Furthermore, La Corporacion claims that pursuant to Puerto Rico law, since the alleged damages suffered by the predecessor are part of the plaintiffs' patrimony and this patrimony belongs now to a community of heirs, not to any of the heirs in particular, it is the community of heirs as a whole the only party able to pursue the inherited claim. Accordingly, La Corporacion insists that all the members of the community must be included in the pleading pursuant to Federal Rule of Civil Procedure 19 which would in turn defeat the complete diversity required to sustain this Court's subject matter jurisdiction.

Alternatively, La Corporacion argues that the Court should dismiss the case because under Law No. 62 of August 23, 2005, it is considered an arm of the state entitled to the protection of the Commonwealth of Puerto Rico's immunity to be sued.

Having reviewed the motions and the applicable law, the Court finds that defendant's arguments fail.

---

[2] Regarding the citizenship of the parties, section 1332 (c) states:
(c) For the purposes of this section and section 1441 of this title--
   (2) the legal representative of the estate of a decedent
        shall be deemed to be a citizen only of the same State as
        the decedent, and the legal representative of an infant or
        incompetent shall be deemed to be a citizen only of the
        same State as the infant or incompetent.

Civ. No. 05-1781(PG)                                                    Page 3

    In Arias-Rosado v. Gonzalez Tirado, 111 F.Supp.2d 96, 99 (D.P.R. 2000) the Court concluded that a plaintiff who brings a survivorship cause of action in his or her capacity as an heir of the deceased person's estate brings suit on its own behalf and not as a representative of the succession for purposes of §1332(c)(2). Therefore, it is the plaintiff's citizenship that must be taken into account to determine if there is complete diversity or not. The Court further found that the other members of the estate were not indispensable parties as to the survivorship cause of action. Id. It held that the elements of Fed.R.Civ.P. Rule 19(a) for holding a party as necessary or indispensable were not present in the case, therefore, the citizenship of the members of the succession was irrelevant to determine of diversity. Id., at 100.

> The fact that the succession is not an entity separate and apart from its members does not mean that all of its participants must always appear together to assert or defend matters affecting the estate. On the contrary, the Supreme Court of Puerto Rico has consistently held that being a succession a compulsory community of property and rights, any of the heirs or part thereof may appear at the trial to defend his/her common rights. If he/she prevails, his/her victory is for the benefit of all the co-owners. See, Danz v. Suau, 82 P.R.R. at 595; Tropigas de Puerto Rico v. Tribunal Superior, 102 D.P.R. 630, 641 (1974). See also, Cintron v. San Juan Gas, 79 F.Supp.2d 16, 19 (D.P.R.1999).

Id. The Court thus concluded that complete relief could be accorded in the absence of the non-diverse heirs.

    Here, both plaintiffs are domiciled in the state of Pennsylvania and all co-defendants are residents of Puerto Rico. Complete diversity exits, therefore, the Court has jurisdiction over the case.

    With regards to the 11th Amendment claim, plaintiffs filed this action against La Corporacion for a malpractice that allegedly occurred between December 18, and 21, 2003. (Docket No. 55 at 6.) Law 62 was enacted on August 23, 2005 in order to include La Corporacion within the doctor-hospital malpractice civil liability limits of Puerto Rico. The act clearly states that it shall take effect immediately after its approval – not retroactively.  It is well-settled law in Puerto Rico that statutes may not apply retroactively unless clearly expressed in the statute. See Nieves Cruz v. UPR, 151 D.P.R.

Civ. No. 05-1781(PG)                                                    Page 4

150, 158 (2000); P.R. Laws Ann. tit. 31, § 3 (stating that laws shall have no retroactive effect unless the legislature intended so). This action was commenced on July 14, 2005, a month before Law 62's enactment. Accordingly, defendant's argument is without merit. See also Fresenius Medical Care Cardiovascular Resources, Inc. v. Puerto Rico and Caribbean Cardiovascular Center Corp., 322 F.3d 56, 75 (1st Cir. 2003) cert. denied 540 U.S. 878 (2003)(affirming this district court's decision that La Corporacion is not an arm of the state and is not entitled to Eleventh Amendment immunity).

## CONCLUSION

WHEREFORE, for the preceding reasons, the Court **DENIES** co-defendant La Corporacion del Centro Cardiovascular de Puerto Rico y del Caribe's Motion to Dismiss for Lack of Jurisdiction **(Docket No. 17)**; Motion to Dismiss Amended Complaint for Lack of Jurisdiction **(Docket No. 37)**; Supplemental Motion to Dismiss Amended Complaint for Lack of Jurisdiction **(Docket No. 47)**; and Motion to Dismiss Second Amended Complaint **(Docket No. 60.)**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, August 16, 2006.

                                                S/JUAN M. PEREZ-GIMENEZ
                                                U. S. DISTRICT JUDGE